# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

NATHANIEL PAUL BELCHER,

    Plaintiff,

v.                                                                                                                  CASE NO. 5:10cv211/RS-AK

MARY N. WILSON,

    Defendant.

_____/

## **O R D E R**

Before me are the Complaint (Doc. 1) and Motion For Leave To Proceed *In Forma Pauperis* (Doc. 2). This case was filed within one week after another case filed by Plaintiff alleging the same facts against the same defendant was dismissed as frivolous. See Case No. 5:10cv202-RS/AK. I find that the motion to proceed *in forma pauperis* should again be denied and this case dismissed as frivolous.

The screening process under 28 U.S.C. §1915 applies to non-prisoner *pro se* litigants who are proceeding *in forma pauperis*. Boyington v. Geo Group, Inc., 2009 WL 3157642 (M.D. Fla.), *citing* Troville v. Venz, 303 F.3d 1256, 1260 (11th Cir. 2002) (dismissals under 28 U.S.C. 1915 apply to non-prisoners, even if fee assessment provisions do not). "In order to authorize a litigant to proceed *in forma pauperis,* the court must make two determinations: first, whether the litigant is unable to pay the costs of commencing this action; and second, whether the action is frivolous or malicious." Dycus v. Astrue, 2009 WL 47497, at *1 (S.D.Ala.2009). An application to proceed *in forma pauperis* may be denied if the plaintiff either fails to satisfy the poverty requirement or if plaintiff's claim is frivolous. Martinez v. Kristi Kleaner's Inc., 364 F.3d 1305,

1306 (11th Cir.2004); see also Attwood v. Singletary, 105 F.3d 610, 613 (11th Cir.1997) (stating that a court 'may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious).

A claim is frivolous if it is based on an indisputably meritless legal theory. Neitzke v. Williams, 490 U.S. 319, 317 (1989) (applying section 1915). This circuit has defined a frivolous appeal under section 1915 as being one " 'without arguable merit.' " Harris v. Menendez, 817 F.2d 737, 739 (11th Cir.1987) (quoting Watson v. Ault, 525 F.2d 886, 892 (5th Cir.1976)). " 'Arguable means capable of being convincingly argued.' "Moreland v. Wharton, 899 F.2d 1168, 1170 (11th Cir.1990) (per curiam) (*quoting* Menendez, 817 F.2d at 740 n. 5); see Clark v. State of Ga. Pardons and Paroles Bd, 915 F.2d 636, 639 (11th Cir. 1990) (lawsuit is frivolous if the plaintiff's chances of ultimate success are slight); see also Weeks v. Jones, 100 F.3d 124, 127 (11th Cir.1996) (stating that "[f]actual allegations are frivolous for purpose of [28 U.S.C.] 1915(d) when they are 'clearly baseless;' legal theories are frivolous when they are 'indisputably meritless.' ") (citations omitted).

The complaint is brought against a private person for "perjury" that resulted in Plaintiff having to move. As with the previously dismissed case, Plaintiff has failed to adequately state any claims for relief.

**IT IS ORDERED:**

1. Plaintiff's Motion To Proceed *In Forma Pauperis* (Doc. 2) is **denied**.

2. This case is dismissed as frivolous.

**ORDERED** on August 16, 2010.

/S/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**